IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GLYNIS BETHEL,                   :

    Plaintiff,              :

vs.                              :    CIVIL ACTION 10-0099-KD-M

SHERIFF HUEY MACK,               :

    Defendant.              :

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a Complaint under 42 U.S.C. § 1983 and a Motion to Proceed Without Prepayment of Fees.[1] (Doc. 1, 2). Plaintiff's Motion to Proceed Without

---

[1] Plaintiff has also filed other actions in this Court for herself or with her husband Orlando, namely: Bethel, et al. v. Clear Channel Communications, et al., CA 04-0171-WS-D (S.D. Ala. July 20, 2004) (dismissed without prejudice for lack of subject matter jurisdiction); Bethel, et al., v. City of Montgomery, et al., CA 04-0334-CB-B (S.D. Ala. July 28, 2009) (transferred to the Middle District of Alabama); Bethel, et al. v. Town of Loxley, et al., CA 04-0373-KD-M (S.D. Ala. Mar. 23, 2003) (summary judgment granted for defendants), aff'd, (11th Cir. Jan. 24, 2007); Bethel, et al. v. Town of Loxley, et al., CA 04-0401-WS-C (S.D. Ala. Aug. 5, 2004) (dismissed on abstention and ripeness grounds); Glynis Bethel v. Baldwin County Bd. of Educ., et al., CA 05-0072-CB-M (S.D. Ala. Apr. 26, 2005) (dismissed on ripeness); Bethel, et al. v. Baldwin County Bd. of Educ., et al., CA 06-233-KD-C (S.D. Ala. Sept. 30, 2008) (dismissed with prejudice for failure to appear to show cause), aff'd, (11th Cir. Apr. 28, 2010); Town of Loxley v. Bethel, et al., CA 06-0416-KD-B (S.D. Ala. Sept. 22, 2006) (remand to the Circuit Court of Baldwin County); Bethel, et al. v. Town of Loxley, et al., CA 06-0573-WS-M (S.D. Ala. Sept. 27, 2007) (dismissed without prejudice for failure to pay filing fee); Glynis Bethel v. Yetter, et al., CA 06-0605-KD-C (S.D. Ala. Jan. 17, 2007) (dismissed without prejudice for failure to exhaust state remedies); Bethel, et al. v. City of Selma, et al., CA 06-0610-CG-B (S.D. Ala. Feb. 13,

Prepayment of Fees has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1). Local Rule 72.2(c)(1) provides for the automatic referral of a non-dispositive pretrial matter, such as Plaintiff's Motion to Proceed Without Prepayment of Fees, to a Magistrate Judge. The consideration of this Motion requires the

---

2007) (dismissed without prejudice for failure to pay the filing fee); Bethel, et al. v. City of Daphne, Ala., et al, CA 06-0626-KD-B (S.D. Ala. May 7, 2007) (dismissed without prejudice for failure to pay the filing fee); Bethel, et al. v. Watson, et al., CA 06-0707-WS-B (S.D. Ala. Apr. 17, 2007) (dismissed without prejudice for failure to exhaust state court remedies); Bethel, et al. v. City of Robertsdale, et al., CA 06-0707-WS-B (S.D. Ala. Jan. 23, 2007) (dismissed without prejudice for failure to prosecute); Bethel, et al. v. Mobile County, Ala., CA 06-0730-KD-B (S.D. Ala. May 7, 2007) (dismissed without prejudice for failure to prosecute); Bethel, et al. v. Baldwin County Bd. of Educ., CA 09mc0010-KD-C (S.D. Ala. May 29, 2009) (dismissed without prejudice petition to perpetuate testimony for failure to pay the filing fee); Bethel, et al. v. Baldwin County Bd. of Educ., CA 09mc0010-KD-C (S.D. Ala. May 29, 2009) (dismissed without prejudice petition to perpetuate testimony for failure to pay the filing fee); Bethel, et al. v. Baldwin County Bd. of Educ., CA 09mc0011-KD-C (S.D. Ala. May 29, 2009) (dismissed without prejudice petition to perpetuate testimony for failure to pay the filing fee); Bethel, et al. v. Baldwin County Bd. of Educ., CA 09mc0012-KD-C (S.D. Ala. May 29, 2009) (dismissed without prejudice petition to perpetuate testimony for failure to pay the filing fee); Bethel, et al. v. Baldwin County Bd. of Educ., CA 09mc0013-KD-C (S.D. Ala. May 29, 2009) (dismissed without prejudice petition to perpetuate testimony for failure to pay the filing fee); Bethel, et al. v. Baldwin County Bd. of Educ., CA 09mc0014-KD-C (S.D. Ala. May 29, 2009) (dismissed without prejudice petition to perpetuate testimony for failure to pay the filing fee); and Glynis Bethel v. Newcomb, et al., CA 10-0142-WS-C (pending).

   In addition to the actions filed in this Court by Plaintiff, she has filed actions in another Alabama federal district court and in federal district courts in Florida, Georgia, and Mississippi.

Magistrate Judge to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).[2] After screening the Complaint, it is recommended that the federal claims be dismissed without prejudice for lack of subject matter jurisdiction and that Plaintiff's state-law claims be dismissed without prejudice.

I. <u>Nature of Proceedings</u>.

Plaintiff commenced this action by filing a § 1983 Complaint for damages and a declaratory judgment for alleged violations of her constitutional rights and for violations of federal and state laws. (Doc. 1 at 1). Plaintiff asserts that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 2201-02, and she seeks a remedy under 42 U.S.C. § 1983, 18 U.S.C. § 242, and Alabama Code § 13A-4-3. (<u>Id.</u> at 2). The sole Defendant is Huey "Hoss" Mack,

---

[2]Section 1915(e)(2)(B) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal –
>        (i) is frivolous or malicious;
>        (ii) fails to state a claim on which relief may be granted; or
>        (iii) seeks monetary relief against a defendant who is immune from such relief.

Jr., Sheriff of Baldwin County, Alabama.[3] [4]  (Id. at 3).

In screening the Complaint, the Court determined that additional information was needed in order to complete the screening.  The Court issued interrogatories to obtain this additional information, and Plaintiff responded with her answers. (Docs. 3, 5).  The following is a description of the Complaint's allegations as supplemented by Plaintiff's answers to interrogatories.[5]

---

[3] In the style of the action Plaintiff identifies "Individuals A, B, C" as other Defendants.  (Doc. 1 at 1).  Then, on page 3, she lists Defendant Mack as the only Defendant.  (Id. at 3).  Throughout the Complaint only one Defendant is identified and referenced, and only his actions are complained of except for the simple assertion that Defendant conspired with Individual A, B and C.  (Id. at 12).  Accordingly, Defendant Mack is the sole Defendant.  See Dean v. Barber, 951 F.2d 1210, 1215-16  (11th Cir. 1992) (fictitious party practice is not available in federal court).

[4] It does not escape the Court's attention that Plaintiff's husband, who has joined her in prior litigation and has also brought actions in his name alone, announced in the first half of 2010 his candidacy for Sheriff of Baldwin County against Defendant Mack, according to the Mobile Press Register.  See Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997) (courts ordinarily take notice of political matters), cert. denied, 522 U.S. 1049 (1998).

[5] In reviewing Plaintiff's Complaint and answers, the Court holds pro se complaints "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).  However, Plaintiff's pro se status does not excuse her from compliance with the Federal Rules of Civil Procedure or the Local Rules of this District Court.  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure); Local Rule 83.9(b) ("All litigants proceeding pro se shall be bound by and comply with all local rules of this Court[.]").  Nor

4

Plaintiff is suing Defendant for a record that he produced at her criminal trial on February 18, 2010, in the Baldwin County District Court. Defendant had been issued a subpoena duces tecum at Plaintiff's behest to produce official documents concerning "the delivery of any documents through service by the deputy sheriffs on any private property[.]" (Id. at 4). At trial, as a witness for the defense, Defendant produced the document "Baldwin County Sheriff's Office SOP #7 Procedure for Endorsing Proper Returns in Court Documents," which Plaintiff contends was altered by black marks similar to a mark made by a Sharpie marker.[6] (Id.). The stricken information, Plaintiff maintains, was needed for her defense of innocence. (Id. at 4, 12). The information sought was the requirement for "serving official court documents when a deputy sheriff was not able to serve the person in person[.]" Id.

The relevant stricken language, according to Plaintiff, stated: "When any such paper is returned underserved [sic], the following information should be given: A. the reason not served; B. the date the paper was returned; and, C[.] the signature of

---

is this Court allowed to serve as de facto counsel for a pro se litigant or to rewrite otherwise deficient pleadings in order to sustain an action. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

[6]This document is attached to the Complaint as Exhibit C(2). (Id. at 19). Other attachments to the Complaint are the letter from Defendant authenticating that document (Ex. C(1)) and a copy of SOP #9 (Ex. C(3)) and SOP #16 (Ex. C(4)). (Id. at 18, 20-21).

5

the deputy that attempted service[.]" (Id. at 5). Plaintiff "announced in open court that the document had been tampered with and this was not permissible[.]" (Id.). The altering of court documents is alleged to be contrary to state and federal law. (Id.).

Plaintiff asserts that the trial was illegal and violated her due process and equal protection rights. (Id. at 6). That is, she "was force[d] to hold a trial without her evidence intact which prejudice[d] her trial[,]" (id.), and denied her the "affirmative right to defend her innocence during an official trial proceeding." (Id. at 12). And Defendant Mack allegedly conspired to violate Plaintiff's constitutional rights, harassed and embarrassed her, and inflicted intentional emotional distress (id.), as she believes that she is "a victim of white-collar-crimes and criminal conspiracy to violate her constitutional rights by the local corrupt government of Baldwin County, Alabama invading her PRIVATE PROPERTY without any jurisdiction nor probable causes of crimes in violation the 4th Amendment (i.e.,: Deputy Sheriff Brad Burk, etc.)[.]" (Id. at 3).

Because of these alleged actions, Plaintiff maintains that she has suffered "undue and actual hardship and irreparable injury" and that she "has no adequate remedy at law." (Id. at 8). Nonetheless, Plaintiff requests compensatory damages in the amount of $1,000,000 and punitive damages in the amount of

$5,000,000.  (Id. at 13).  Plaintiff further seeks a declaratory judgment "declaring Defendant's actions toward Plaintiff [are] unconstitutional," sanctions, and criminal charges against Defendant pursuant to Alabama Code § 13A-4-3 and 18 U.S.C. § 242. (Id.).

In her answers to the Court's interrogatories, Plaintiff advises that on February 18, 2010, she was found guilty in DC09-3097 and DC09-4881 of obstruction of governmental operations and coercion.  (Doc. 5 at 1).  See ALA. CODE § 13A-10-2 (1977); ALA. CODE § 13A-6-35 (1977).  At Plaintiff's trial, Defendant was subpoenaed to appear as a witness for Plaintiff and to produce the proper procedure for a deputy sheriff to serve process.  (Id. at 1-2).  Portions of the produced document were stricken through causing Plaintiff to "verbally object to the altered, removed and concealed portion of the document while in open Court[. . . . but t]he District Court Judge did not acknowledge [her] lawful objection."  (Id. at 2).  With the complete policy not being available, she argues the court could not be able to determine if the deputy sheriff had acted unlawfully.  (Id.).  Plaintiff appealed the guilty verdict the next day, February 19, 2010; her appeal is pending.  (Id.).

II. Analysis.

    A.   Lack of Subject Matter Jurisdiction.

        1.   Authority to Dismiss Sua Sponte.

7

In screening Plaintiff's Complaint, the Court's first consideration is to inquire into its jurisdiction, United States v. Denedo, ___ U.S. ___, ____, 129 S.Ct. 2213, 2219, 173 L.Ed.2d 1235 (2009), as its jurisdiction is limited by the Constitution or Congress to hear only certain actions. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be done at the earliest stage in the proceedings and sua sponte whenever subject matter jurisdiction may be lacking. University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

    2. <u>Declaratory Judgment Act</u>.

In the present action Plaintiff alleges 28 U.S.C. §§ 1331 and 2201-02 as the bases for jurisdiction. The Declaratory

Judgment Act, 28 U.S.C. § 2201-02, however, does not provide a basis for jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed.2d 1194 (1950). When this Act was enacted, Congress did not expand the courts' jurisdiction; it merely enlarged the range of remedies available in federal court. Id. The Act is procedural so Plaintiff's allegations must otherwise show an independent basis for the Court's jurisdiction. Household Bank v. JFS Group, 320 F.3d 1249, 1253 (11th Cir. 2003). Thus, Plaintiff's reference to this Act will be treated as a request for the remedy provided by the Act in addition to the other remedies sought by her, 42 U.S.C. § 1983, 18 U.S.C. § 242, and Alabama Code § 13A-4-3.

    3. Federal Question Jurisdiction.

Turning to Plaintiff's other allegation of jurisdiction, 28 U.S.C. § 1331, federal question jurisdiction, this jurisdiction exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." Southpark Square Lmtd. v. City of Jackson, Miss., 565 F.2d 338, 341 (5th Cir.) (a federal claim "must be more than frivolous to support federal question jurisdiction" and can satisfy this threshold only if "there is any foundation of plausibility to the claim")

(quotation omitted),[7] cert. denied, 436 U.S. 946 (1978). "A federal claim will be deemed without any legal merit if the claim has no plausible foundation, or [if] the court concludes that a prior Supreme Court decision clearly forecloses the claim." Barnett v. Bailey, 956 F.2d 1036, 1041 (11th Cir. 1992) (quotation and quotation marks omitted); see Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decision of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.") (quotation and quotation marks omitted).

Plaintiff is challenging her two convictions in the District Court of Baldwin County, Alabama, which are on appeal. Plaintiff believes that she would have been able to prove her innocence if Defendant had produced the requested document in its entirety without deletions. (Doc. 1 at 12). A claim of this nature is governed by the decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In Heck, a damages claim in a § 1983 action that would have the effect of invalidating an outstanding conviction if the Court

---

[7]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981.

was to rule favorably on it was not allowed to proceed until the underlying conviction had been invalidated, because until then the Court reasoned that no cause of action existed. Id. at 486-87, 114 S.Ct. at 2372-73. The Heck Court analogized the claim before it to a common-law cause of action for malicious prosecution, which requires that the accused prove the termination of the prior criminal proceeding in his favor. Id. at 484, 114 S.Ct. at 2371. Thus, the Court ruled that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87, 114 S.Ct. at 2372-73.

Here, Plaintiff's claim for damages and for a declaratory judgment "declaring Defendant's actions toward Plaintiff [are] unconstitutional" would have the effect of invalidating her convictions if the Court were to rule favorably on it. Plaintiff, however, cannot make the required showing of prior invalidation of her convictions in order to proceed in this § 1983 action because her convictions are on appeal. Thus, Plaintiff's claims for damages and a declaratory judgment are not recognized under § 1983 at this time. See Edwards v. Balisok,

11

520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997) (finding, based on the decision in Heck, that a prisoner's claims for damages and declaratory relief were not recognized under § 1983 until his good-time credits lost in a disciplinary proceeding were restored because a favorable ruling on the claims would have effect of invalidating the disciplinary proceeding); Wilkinson v. Dotson, 544 U.S. 74, 82-83, 125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005) (finding "Balisok applied Heck's standard and addressed claims seeking not only damages, but also a separate declaration that the State's procedures were unlawful" and that regardless of the relief sought, damages or a declaratory judgment, if success would demonstrate the invalidity of the conviction, sentence, or duration, then the § 1983 action is barred until invalidation is shown); Esensoy v. McMillan, 2007 WL 257342, at *2 (11th Cir. Jan. 31, 2007) (affirming the dismissal of a prisoner's § 1983 action, challenging his conviction and seeking declaratory and injunctive relief, based on the decision in Heck as interpreted by the Wilkinson Court),[8]

---

[8] In Esensoy the Eleventh Circuit found the district court's dismissal of the § 1983 action challenging a plaintiff's state-court conviction under Rooker-Feldman was premature. Esensoy, 2007 WL at *1. But the Eleventh Circuit affirmed the dismissal on another ground, the decision in Heck. Id. at *2.

Likewise, a dismissal of the present action under Rooker-Feldman would be premature. See Nicholson v. Shafe, 558 F.3d 1266, 1279 (11th Cir. 2009) (We "hold that state proceedings have not ended for purposes of Rooker-Feldman when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action that complains of injuries

[9] cert. denied, 552 U.S. 1097 (2008); cf. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (holding that in a § 1983 action based on a conspiracy to falsely convict the plaintiff, "declaratory or injunctive relief claims which are in the nature of habeas corpus claims-i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release-are simply not cognizable under § 1983" but should be brought as in a habeas proceeding))

    4. 18 U.S.C. § 242.

Plaintiff also seeks a remedy under 18 U.S.C. § 242. (Doc. 1 at 2, 13). This statute is a criminal provision authorizing prosecution for the deprivation of rights under color of state law. 18 U.S.C. § 242. However, no civil remedy is provided by this statute. Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir.), cert. denied, 365 U.S. 838 (1961); Dugar v. Coughlin, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985); Fundiller v. Cooper City, 578 F. Supp. 303, 306 (S.D. Fla.), rev'd on other

---

caused by the state court judgment and invites review and rejection of that judgment."); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983) (relying on Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), the Supreme Court found that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in this Court.") (emphasis added).

    [9] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

13

grounds, 777 F.2d 1436 (11th Cir. 1985). Furthermore, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. United States Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987); see Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375, 379-82 (2d Cir. 1973) (affirming the dismissal of a complaint seeking the investigation and prosecution of persons who allegedly violated federal and state criminal statutes). Thus, a claim under § 242 is wholly insubstantial and frivolous.

     5. Supplemental Jurisdiction.

Plaintiff claims Alabama Code § 13A-4-3, a criminal statute for conspiracy, was violated. (Doc. 1 at 13). A federal court, however, cannot exercise its supplemental jurisdiction over a state law-claim once it "determines that subject matter jurisdiction over a plaintiff's federal claims does not exist[.]" Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999). "'When the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988)).

In the action at hand, it is recommended that Plaintiff's

14

federal claims be dismissed because the Court lacks subject matter jurisdiction.  As a consequence, it is recommended that the Court decline to exercise its supplemental jurisdiction over any state-claw claims and that they be dismissed without prejudice.

    B.   <u>Alternate Basis for Dismissal</u>.

        1.   <u>Witness Immunity</u>.

In the alternative, Plaintiff's action should be dismissed for lack of subject matter jurisdiction because Defendant is entitled to absolute witness immunity from damages and a declaratory judgment is not available to Plaintiff as she has an adequate remedy at law.  A witness is entitled to absolute witness immunity from damages for the testimony that he gives at trial.  <u>Briscoe v. LaHue</u>, 460 U.S. 325, 326, 340, 103 S.Ct. 1108, 1111, 1121, 75 L.Ed.2d 96 (1983) (finding that the police officer was entitled to absolute immunity from damages for his alleged perjured testimony at trial).  The overriding reason for granting immunity to all witnesses for their testimony at trial is to protect the judicial process from disruption and to allow participants, i.e., judges, prosecutors, and witnesses to perform without fear of intimidation or harassment.  <u>Id.</u> at 335, 103 S.Ct. at 1115.  Thus, Defendant Mack is entitled to absolute witness immunity, and the damages claims against Defendant Mack are therefore frivolous.  Cf. <u>Snegirev v. Sedwick</u>, 407 F. Supp.2d

1093, 1097 (D. Alaska 2006) (finding the complaint against judges to be insubstantial because they were entitled to absolute judicial immunity and therefore the action was dismissed for lack of subject matter jurisdiction); Deblock v. McDowall, 1992 WL 379464 (6th Cir. Dec. 5, 1882) (affirming the dismissal for lack of subject matter jurisdiction because defendant was entitled to absolute judicial immunity) (unpublished); Cortes v. Jordan, 504 F. Supp.2d 1318, 1321 (S.D. Fla. 2007) (dismissing sua sponte for lack of subject matter jurisdiction the plaintiff's action against the judges handling his case because of absolute judicial immunity, and noting, unlike the plaintiff in Mordkofsky v. Calabresi, 159 Fed. Appx. 938 (11th Cir. 2005), the plaintiff alleged the judges were acting within their judicial capacity).

    2.  Declaratory Judgment.

Turning to Plaintiff's request for a declaratory judgment, "[i]n order to receive declaratory relief or injunctive relief, plaintiff[] must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). The ability to appeal an unfavorable decision is considered an adequate remedy at law. Id. at 1243; Sibley v. Lando, 437 F.3d 1067, 1074 (11th Cir. 2005); see Jackson v. Geiger, 288 Fed. Appx. 549, 550 n.1 (11th Cir. July 8, 2008) (unpublished)

(affirming the dismissal for lack of subject matter jurisdiction because the plaintiff had an adequate remedy at law in that he could appeal to the appropriate state appellate courts or file a motion with the appropriate state court). In the case at hand, an adequate remedy at law exists for Plaintiff in that she can appeal her convictions through the state appellate courts, which she is presently doing. Thus, Plaintiff's claim for a declaratory judgment is insubstantial and frivolous.

       3.   Relief Under 18 U.S.C. § 242 and Alabama Code § 13A-4-3.

The Court's reasoning concerning Plaintiff's assertion of a remedy under 18 U.S.C. § 242 and Alabama Code § 13A-4-3, supra, is applicable to this alternate analysis. Accordingly, in the alternative, it is recommended that Plaintiff's federal claims be dismissed without prejudice for lack of subject matter jurisdiction because they are insubstantial and frivolous, and that the Court decline to exercise its supplemental jurisdiction over any state-law claims and that they be dismissed without prejudice.

III. Conclusion.

Based upon the foregoing reasons, it is recommended that federal claims be dismissed without prejudice for lack of subject matter jurisdiction and that Plaintiff's state-law claims be

dismissed without prejudice.[10]

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[11] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original

---

[10] If the Court had ruled on Plaintiff's Motion to Proceed Without Prepayment of Fees and granted it, Plaintiff's federal claims would be recommended for dismissal as frivolous pursuant to 28 U.S.C. § 1915(2)(2)(B)(i) for the reasons previously discussed, supra, and the state-law claims would be treated in the manner previously recommended, supra.

[11] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).

18

brief submitted to the magistrate judge, although a
copy of the original brief may be submitted or referred
to and incorporated into the brief in support of the
objection.  Failure to submit a brief in support of the
objection may be deemed an abandonment of the
objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 13th day of May, 2010.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE