IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GLYNIS BETHEL, :
:
    Plaintiff, :
:
vs. : CIVIL ACTION 10-0099-KD-M
:
SHERIFF HUEY MACK, :
:
    Defendant. :

REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Notice of Appeal of Judge's Order to the Eleventh Circuit (Doc. 11) and Motion to Proceed Without Prepayment of Fees (Doc. 12). For the reasons set forth below, it is recommended that the Motion to Proceed Without Prepayment of Fees be denied because the appeal is frivolous and not taken in good faith.

On May 23, 2010, Plaintiff Glynis Bethel, proceeding *pro se* and previously proceeding *in forma pauperis*, filed a Notice of Appeal (Doc. 11) of the District Judge's Order dated June 3, 2010, adopting the Report and Recommendation and dismissing this action without prejudice for lack of subject matter jurisdiction (Docs. 9, 10). Plaintiff has also filed a Motion to Proceed Without Prepayment of Fees (Doc. 12).

It appears that Plaintiff may qualify to proceed *in forma pauperis* on appeal looking solely at her present financial situation; however, notwithstanding a finding of economic eligibility, "[a]n

appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia,* 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.,* 15 F.Supp.2d 1285, 1289 (M.D. Fla. 1998)(appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F.Supp. 445 (D.C. D.C. 1955)("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.,* 113 F.Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto,* 114 F.Supp. 929 (W.D. Mo. 1953)(the application should be denied if the trial court is of the opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002)(action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001)(same). This Court, in its Order adopting the Report and Recommendation, found that Plaintiff had failed to establish subject matter jurisdiction.

 The purported claims derive from Plaintiffs' claims for damages and a declaratory judgment for alleged violations of her constitutional rights and for violations of federal and state laws.

The Court, in the Report and Recommendation, thoroughly discussed the reasons that Plaintiff had failed to establish subject matter jurisdiction, as well as an alternate basis for dismissal, namely, Defendant Mack's absolute witness immunity, which renders Plaintiff's damages claims against Defendant Mack frivolous. Therefore, the Court finds that the appeal is frivolous and not taken in good faith and the Motion to Proceed Without Prepayment of Fees is due to be denied.

    In conclusion, it is recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees be denied and that the District Judge certify in writing that Plaintiff's appeal is frivolous and not taken in good faith. Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), Plaintiff does not have the opportunity to file an objection. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefore **DIRECTED** to refer this Report and Recommendation to the District Judge without the necessity of a waiting period.

    DONE this 24th day of June, 2010.

                                              s/BERT W. MILLING, JR.
                                              UNITED STATES MAGISTRATE JUDGE